## MISSOURI, KANSAS AND TEXAS RAILWAY COMPANY v. J. W. COLBURN.

### Decided December 24, 1896.

Railroads—Removal of Depot—Action for Damages.

The prohibition against change of railway depot-grounds, when once established, contained in art. 4492, Rev. Stats., was to promote the interest of the public, and a violation of the prohibition does not give a right of action against the railway company in favor of an individual, who has bought property and made investments on the faith of the first location, to recover for depreciation in the value of such investments, caused by the removal of the depot.

QUESTION CERTIFIED from Court of Civil Appeals, Second District, in an appeal from District Court of Clay County. The question certified is shown in the opinion.

*Eldridge & Gardner*, for appellant.—An action will not lie against a railroad company for damages sustained by the abandonment or changing of its depot and depot grounds in the absence of a contract between the company and the complainant, nor will an action lie for a breach of duty unless the party complaining can show that the duty was imposed for his benefit and not for another or for the public, his own advantage being merely incidental. 2 Lawson's Right Remedies and Practice, sec. 569; Kinealy v. Railway, 69 Mo., 658; 1 Addison, Torts (6th ed.), sec. 13, p. 20; Railway v. Reed, 28 Am. & Eng. R. R. Cases, 233.

The plaintiff, being a private citizen, cannot by suit recover damages by reason of defendant abandoning or changing its depot grounds in violation of articles 4224 and 4225 of the Rev. Stats. (1879). Said articles do not expressly or impliedly authorize a recovery. The only exception to the rule which prohibits collateral inquiry by a private citizen into the supposed illegal acts of a corporation, is where such investigation is expressly authorized by the legislature. Martindale v. Railway, 60 Mo., 508; Kineally v. Railway, 69 Mo., 658-9.

The violation of said articles 4224 and 4225, Rev. Stats., relating to changing depot grounds, is a matter which concerns the public generally and is a statute for the State to enforce in event of a violation of same, and not for an individual to enforce by damage suit. Kinealy v. Railway, 69 Mo., 667; 2 Wood on Railroads, 1174-1175; Brooklyn Park Co. v. Armstrong, 45 N. Y., 245; 1 Addison on Torts, 20; House v. Water Co., 31 S. W. Rep., 181; Wait's Actions and Defenses, 133; Mills on

Em. Domain, sec. 317; Field on Damages, sec. 39; 2 Lawson's Rights, Remedies and Practice, sec. 569.

There are Texas cases which allow damages for depreciation in value of property by reason of removal of depot, but they are all cases in which the railway company had agreed specially to keep and maintain a depot at a particular point, and the suits are upon breach of contract. Railway v. McKinney, 55 Texas, 176; Railway v. Robards, 60 Texas, 546; Railway v. Dawson, 62 Texas, 260; Railway v. Molloy, 64 Texas, 607.

*L. C. Barrett* and *A. K. Swan,* for appellee.—It was a violation of the duty of appellant to change its depot grounds after they had been designated under arts. 4224 and 4225, Revised Statutes (1879) of Texas, which violation was the direct and proximate cause of the depreciation of appellee's real estate, bought by him near and around said depot grounds after the designation of said grounds and the building of said depot house, by reason of which appellee purchased said real estate, which made appellant as to appellee guilty of a tort. Rev. Stats. (1879), arts. 4224, 4225; 26 Am. & Eng. Encycl. Law, 72, note 1; Railway v. Molloy, 64 Texas, 607; Rich v. Railway, 87 N. Y., 382; Railway v. Hammersley, 104 U. S., 1; Cooley on Torts (2d ed.), secs. 2, 4, 7, 20, 64, 66, 790; Railway v. Davis, 29 S. W. Rep., 484; Wood's Railroad Law, 1382, 1384; State v. Railway, 37 Conn., 163; City of Brooklyn v. Railway, 47 N. Y., 478; St. Thomas v. Railway, 36 Am. & Eng. R. R. Cases, 473; Campbell v. Cook, 24 S. W. Rep., 977; 1 Kent, 462; Sutherland on Const. of Stats., 417, 421.

Appellant contends that it being and exercising a part of the functions of the government and created for the benefit of the public it is not liable if it moved its depot grounds for the convenience of the public. This point has been decided against it under our Constitution, art. 1, secs. 17 and 19, which provide that the property of a private citizen cannot be damaged or taken for public use, or taken without due course of law. Railway v. Fuller, 63 Texas, 467; Railway v. Davis, 29 S. W. Rep., 484; Railway v. Eddins, 60 Texas, 656. The principal ingredient of every piece of property is its value, without which it would not be property, and when the value in part is taken, to that extent the property is taken. Railway v. Fuller, 63 Texas, 467.

Appellant contends that a private individual cannot sue under the statute, when he has been damaged by a violation of it. This statute only made it the duty of the railroad to keep its depot grounds at the place where first established under this statute. When appellant changed its depot grounds it was a breach of its duty, and it was liable to all those it damaged by such breach. Wood's Railroad Law, 1382, sec. 336, and 1384, sec. 338; Cooley on Torts, 780, 784 and 790.

The intent of this statute was to prevent the railway company from just such a change as in this case, and, if changed, to make it guilty of a tort, so that it could be made to respond in damages if it violated the

statute.   Railway v. Hammersly, 104 U. S., 1; Railway v. Doss, 36 S. W. Rep., 497; Campbell v. Cook, 24 S. W. Rep., 977; 1 Kent, 462; Southerland on Constr. of Stats., 417 to 420; Railway v. Molloy, 64 Texas, 607.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for Second Supreme Judicial District has certified to this court the following statement and question:

"About 1887 the Gainesville, Henrietta and Western Railway Co. located and built its line of railway through Clay County, and in accordance with articles 4224, 4225, designated and located a station named Doss, and built a depot thereat, where it received and discharged freight and passengers.   Soon afterwards the appellant railroad company purchased said railroad and all its property and franchises, and continued the operation thereof, using Doss station and depot for all the purposes of such stations, until after the Chicago, Texas and Rock Island Railway Co. built its line of railroad through Clay County, in 1893, which crossed appellant's road about two miles east of Doss station, and at which crossing it established a station and depot, called Ringgold.   Soon after this appellant company removed its depot building at Doss to Ringgold, and tore up its side-track and discontinued its station at Doss, and ceased to stop its trains there or receive freight or passengers there.

At this station, after the establishment thereof, many families had settled, bought lots, and built homes, and there were about 150 persons residing there, and there were several stores for retailing dry goods, groceries, and other merchandise.   Also a postoffice had been established there, blacksmith shop and hotel, and the farmers and other people residing in the vicinity came there to trade and to ship their products. Between the time of establishing the station and depot at Doss and the removal thereof to Ringgold, appellee purchased a farm at Doss, contiguous to the station and depot, and moved thereon, being induced to do so by the benefits and advantages which such station and depot afforded him, and the consequent increased value of the land purchased by him as the country would be settled up and the station might grow in size, business, and population.   His land, or a considerable portion of it, by reason of its contiguity to the station and depot, had been laid off into lots and blocks to be used for homes and business houses, though used only for farming and grazing purposes, and prior to the removal of the station was worth $2500, but after the removal of the station, and the removal of nearly all the people therefrom, it was worth only $1500, and he therefore sued for and recovered in the County Court $1000 damages.

"Is a railroad company liable in damages to private individuals caused by the depreciation of the value of property such as this, resulting from a violation of article 4224, Sayles' Civil Statutes, (4492, New Revised Statutes), in changing or removing its depot, as in this case?"

This action is founded upon the following articles of the Revised

Statutes: Art. 4492. "Every railroad company organized under this title shall make an actual survey of its route or line for a distance of 25 miles on its projected route, and shall designate the depot grounds along said first 25 miles before the road-bed is begun, and no railroad company shall change its route or depot grounds after the same have been so designated." Article 4493 makes the foregoing article applicable to each succeeding 25 miles of the road.

The question presented is, Does the violation of this law, by the removal of a depot from the place where it was originally located give a right of action to one who owned property at or near the depot station? The object of the Legislature in enacting the article referred to appears to have been to promote the interest of the public alone, by making permanent the places for the transaction of business by such corporations. There is nothing in the law to indicate that the Legislature had in mind the protection of individual property owners at such places.

In the case of House v. Waterworks Co., 88 Texas, 233, we carefully examined the legal principles which apply to this case. In that case this court said: "It is not true that for every failure to perform a public duty an action will lie in favor of any person who may suffer injury by reason of such failure. If the duty is purely a public duty, then the individual will have no right of action; but it must appear that the object and purpose of imposing the duty was to confer a benefit upon the individuals composing the public."

In addition to the authorities cited in that case, we refer to the following: Kinealy v. Railway, 69 Mo., 658; Proprietors Q. C. v. Newcomb, 7 Metc., 276; Smith v. Boston, 7 Cush., 254.

In the case of Kinealy v. Railway, cited above, the facts were, that the railroad company, under its charter, had constructed a line of its road into the city of St. Louis, which passed near to the plaintiff's property, over which it operated all of its trains to its depot within the city. Subsequently it constructed a line from a point on its main line to its depot in the city, so as to pass its through trains through the city without passing over the original line, for which the plaintiff claimed damages to the value of his property. The court in disposing of the case said: "Here it is evident that the construction of the road, and its maintenance, were authorized by legislative enactment solely for the 'public benefit,' and not for the benefit of any individual composing the public. So that, as between the plaintiffs and the defendant company, there is neither breach of contract nor breach of duty, and consequently no right of action. And this case, therefore, so far as it concerns plaintiffs, stands precisely as if they had bought lots and built thereon contiguous to any other public improvement, on the faith of the continuance of such improvement."

In the case of Proprietors Q. Canal v. Newcomb, before cited, the court states the legal proposition in this language: "Where one suffers in common with all the public, although, from his proximity to the obstruct-

ed way, or otherwise from his more frequent occasion to use it, he may suffer in a greater degree than others, still he cannot have an action, because it would cause such a multiplicity of suits as to be itself an intolerable evil. But when he sustains a special damage, differing in kind from that which was common to others—as where he falls into a ditch unlawfully made in a highway, and hurts his horse, or sustains a personal damage—he may bring his action."

If the plaintiff in this case acquired a vested right in the continuance of the depot at that particular place, then the Legislature could neither authorize nor require the railroad company to move it thereafter. (Walker v. Tarrant County, 20 Texas, 21.) The result of holding that purchasers of property acquired a right to have the depot continued would be to deprive the Legislature of the power to authorize or require such changes to be made, no matter how great the public necessity. It matters not that the removal was made contrary to law, this did not confer upon appellee any right; the State must determine for itself the policy of enforcing that provision of its law.

We answer, that, under the facts certified, appellee had no right of action against the railroad company.