.JEFF BLAND LUMBER & BUILDING CO.
v. RAILROAD COMMISSION OF
TEXAS. (No. 5883.)

(Court of Civil Appeals of Texas. Austin.
Oct. 31, 1917. Rehearing Denied
April 17, 1918.)

1. RAILROADS &⪯54 — ABANDONMENT OF
TRACK.

A railroad company, after having located, established, and operated its line, cannot abandon or change the location of its tracks without legislative authorization, and Vernon's Sayles' Ann. Civ. St. 1914, art. 6504, authorizes a relocation for shortening the line, or reducing the grade, only, notwithstanding the expression "or for any other lawful purpose," which was a part of the original condemnation act, but not of the amendments.

2. RAILROADS &⪯57—ABANDONMENT OF
TRACKS—USE OF OTHER TRACKS—ORDER OF
COMMISSION.

The railroad commission is not authorized under Vernon's Sayles' Ann. Civ. St. 1914, § 6504, providing for relocation of tracks to shorten lines and lessen grades, to make an order granting a railroad company the right to enter a city over the tracks of another railway and abandon its own.

3. RAILROADS &⪯9(1) — ABANDONMENT OF
TRACKS — PROCEEDING BEFORE RAILROAD
COMMISSION—PARTIES ENTITLED TO INTER-
VENE.

A lumber company located upon the main line of a railroad company's track at some distance from other railroads is an interested party entitled to be heard in a proceeding before the Railroad Commission by the railroad company for permission to abandon such tracks and enter the city over the tracks of another road, under Vernon's Sayles' Ann. Civ. St. 1914, art. 6677f, providing that dissatisfied persons or corporations may become parties to the proceedings.

Appeal from District Court, Travis County; George Calhoun, Judge.

Suit by the Jeff Bland Lumber & Building Company, a private corporation, against the Railroad Commission of Texas. From the sustaining of a demurrer to the petition, plaintiff appeals. Reversed and remanded.

John C. Williams, of Houston, for appellant. B. F. Looney, Atty. Gen., and Luther Nickels, Asst. Atty. Gen., for appellee.

Statement of the Case.

RICE, J. This suit was brought by appellant, a private corporation, against the Railroad Commission of Texas, to set aside and cancel an order made by it granting the San Antonio & Aransas Pass Railway Company the right to change its line of railway as originally constructed through the city of Houston, so as to enter and pass partly through said city over the tracks of the Houston & Texas Central Railroad Company and the Galveston, Harrisburg & San Antonio Railway Company, and to perpetually enjoin the Railroad Commission from granting to such company permission to abandon its main line track described in such order.

Omitting formal parts, appellant's petition is as follows, to wit:

"I. That plaintiff under its articles of incorporation is a retail and wholesale dealer, having its principal place of business located within the city limits of the city of Houston, Harris county, Tex., upon the main line of the San Antonio & Aransas Pass Railroad Company, within said city, where the plaintiff does a general wholesale and retail lumber business. That the San Antonio & Aransas Pass Railroad Company is a corporation duly and legally incorporated under and by virtue of the laws of the state of Texas, and as such owns and operates a line of railroad extending through the city of Houston, Harris county, Tex., to the city of San Antonio, Bexar county, Tex., over which it at all times transports freight and passengers for hire, and is a common carrier.

"II. That the plaintiff herein is now, and at all times mentioned herein was, the owner of block No. 2, in Blodgett addition to the city of Houston, Harris county, Tex., and has located thereon its lumber yard, from which point it has heretofore received and shipped lumber, and from which point it desires to receive and ship lumber in the transaction of its business over the main line of the San Antonio & Aransas Pass Railroad Company. That for more than 30 years the San Antonio & Aransas Pass Railroad Company has owned and operated its main line track, which is more than 25 miles in length, through the city of Houston and to the city of San Antonio, as aforesaid, and its right of way of its main line railway adjoins the lands upon which this plaintiff's said lumber yard is now situated, and from said main line track said railway company for many years has furnished switching connections for this plaintiff over this plaintiff's private industrial switch track and certain unloading tracks and team tracks connected with said railroad company's main line at the station of Blodgett, which unloading tracks and team tracks are adjacent to this plaintiff's said lumber yard, and were heretofore constructed and operated in connection with said railway ·company's main line track.

"III. That the San Antonio & Aransas Pass Railway Company is now attempting to illegally tear up, remove, and abandon that portion of its main line track running through the city of Houston between what is known as Bellaire Junction to a point east of Main street boulevard in said city, a distance of about 8 miles, and to enter the city of Houston from Bellaire Junction by way of the Houston & Texas Central Railroad Company's lines to what is known as the H. & T. C. Junction, from which point it will use the Galveston, Harrisburg & San Antonio Railway Company's lines through what is known as Stella Junction to a point on its own main line east of Main street in said city of Houston. As aforesaid, that portion of its main line track which it seeks to tear up, remove, and abandon is within the city limits of the city of Houston, which is an incorporated town, and in order for said company to do so it will be forced to abandon the station of Blodgett, which is located about 2,042 feet west of Main street boulevard in the city of Houston. That the portion of its track which it seeks to abandon is its main line track, and has been heretofore located and operated for more than 30 years as a portion of its main line track. That if said railroad company is permitted to abandon and remove that portion of its main line track, then it will have no track or right of way for a distance of more than 8 miles, extending from a point known as Bellaire Junction and that point on its main line track east of Main Street boulevard in the city of Houston, where the Galveston, Harrisburg & San Antonio Railway Company's right of way now

intersects the main line of the San Antonio & Aransas Pass Railroad Company.

"IV. That if said San Antonio & Aransas Pass Railroad Company be permitted to remove its track and abandon its main line between the point known as Bellaire Junction and the intersection of the Galveston, Harrisburg & San Antonio Railway Company's main line track with the right of way of the San Antonio & Aransas Pass Railway Company east of Main Street boulevard, such rerouting of its trains, or relocation, will not shorten its line, but in truth and in fact will lengthen its line by many miles, and such change will not reduce its grades, or any of them, but will in fact increase the grade slightly.

"V. That on the 26th day of August, A. D. 1916, the San Antonio & Aransas Pass Railroad Company filed its petition with the Railroad Commission of Texas, alleging in substance that that portion of its main line track within the city of Houston between Bellaire Junction and its intersection with the main line track of the Galveston, Harrisburg & San Antonio Railway Company, crossed Main Street boulevard, the principal thoroughfare of the city of Houston, near Blodgett, and that it also crossed Montrose boulevard, one of the principal thoroughfares in the south end of the city of Houston. That the city authorities of said city have decided that the operation of said tracks and trains over and across said Main boulevard at grade involves grave danger to the public using said thoroughfare, and that the city would at once require said company to separate the grades at the crossing of said boulevard, and that by the reason of the increased travel a separation of the grades of said track at the crossing of Montrose boulevard will be required by the public interest, and that the separation of the grades at the intersection of Main street would cost said company about $250,000, and such separation at Montrose boulevard would cost said company about $100,000, exclusive of damages to the owners of abutting property, and that the interest of the public requires and will be best served by a relocation of said company's lines within the limits of the city of Houston so as to avoid the crossing of said two highways; and praying for an order of the Railroad Commission of Texas granting its permission to abandon its main line track between Bellaire Junction to the west and the intersection of its track with the main line of the Galveston, Harrisburg & San Antonio Railway Company track east of Main street, as hereinabove described, being a distance of about 8 miles, which said petition was filed by the Railroad Commission and numbered 1798 on its dockets; and on the 28th day of August, 1916, said matter was set for hearing on the 12th day of September, 1916, and notice thereof was duly given to said railroad company and to this plaintiff, and to all other interested parties.

"VI. That this plaintiff was, and now is, a party at interest in this, that, as aforesaid, this plaintiff has heretofore at great cost and expense established its lumber business on block No. 2 of the Blodgett addition to the city of Houston, adjoining that portion of the main line track which said railroad company intends to abandon, which was done by this plaintiff relying upon the permanency of the location of said railroad company's main line track at said point, and if said railroad company is permitted to abandon and remove that portion of its main line track, then this plaintiff's business will be destroyed by reason of the fact that this plaintiff will have no railroad connection, and no railroad located closer than two miles of its place of business over which it can receive and ship its lumber, and that it is wholly impracticable to operate its lumber yard without railroad connections with its industrial track, or

within such proximity to its place of business as to enable it to receive and ship lumber over the same. That if said railroad company be permitted to abandon that portion of its main line track mentioned and described hereinabove and in said company's petition to the Railroad Commission of Texas, then this plaintiff's business will be rendered unprofitable by reason of the fact that it will have no railroad near enough to its said place of business to enable it to continue in business, and this plaintiff will be irreparably damaged by the destruction of its business as aforesaid.

"VII. That this plaintiff, within due time after said hearing before the Railroad Commission was set, filed with said Railroad Commission in said cause its protest and opposition to the petition of said railroad company, and became and was a party to said hearing. That on the 11th day of September, 1916, said hearing was continued and postponed by the Railroad Commission of Texas until Tuesday, October 10, 1916, and again on October 12, 1916, said hearing was postponed and reset for hearing before the Railroad Commission at Houston, Tex., on Thursday, October 19, 1916, and again on October 18th, before said hearing was had, the same was postponed to be heard at Houston before the Railroad Commission of Texas on October 24th, and due notice thereof was issued to this plaintiff, to the San Antonio & Arkansas Pass Railroad Company, and to all other interested parties. That on the 24th day of October, 1916, at Houston, Tex., at a public hearing on said application of said railroad company, the commission heard this plaintiff and all other parties desiring to be heard with respect to said application, and heard all evidence offered, together with such arguments as were made thereon, and took the same under consideration, and on October 31, 1916, the Railroad Commission of Texas entered an order upon said matter, in substance as follows, to wit: 'And having fully considered said application, protest, evidence, and argument thereon, on this 31st day of October, 1916, find: That the public interests require the relocation and change of the tracks of said company within said city proposed as directed in said application and the map attached thereto to which reference is here made. It is therefore ordered, considered, adjudged, and decreed by the Railroad Commission of Texas that the San Antonio & Aransas Pass Railroad Company be, and it is hereby, granted permission to relocate and change its line leading into the city of Houston so that it may remove its track between Bellaire Junction and Blodgett east of Main boulevard; as shown on plat filed herewith, and relocate its line under trackage rights to be acquired from the Houston & Texas Central Railway Company and the Galveston, Harrisburg & San Antonio Railway Company, so that its main line as relocated into said city of Houston will extend from Bellaire Junction under said trackage rights over the Houston & Texas Central Railway to East H. & T. C. Junction and from East H. & T. C. Junction over the line of the Galveston, Harrisburg & San Antonio Railway Company, through Stella Junction to a connection with petitioner's present main line east of Main boulevard at Blodgett, as is more fully shown by the plat filed with said application to which reference is here made,' which order was signed 'Allison Mayfield, Chairman, C. H. Hurdleston, Commissioner,' and was attested 'E. R. McLean, Secretary Railroad Commission of Texas.'

"VIII. That this plaintiff is dissatisfied with the decision and order adopted and found by the Railroad Commission of Texas in said matter in the following particulars, to wit: First. Because the Railroad Commission of Texas was without jurisdiction to hear and determine

the petition of the San Antonio & Aransas Pass Railroad Company in said cause, for the reason that the petition of said railroad company showed upon its face that it did not desire to relocate its main line track, but to abandon the same between the points mentioned in said petition, and to use instead between said points the railways of the Houston & Texas Central Railroad Company and of the Galveston, Harrisburg & San Antonio Railway Company, whereas the law of Texas prohibits the San Antonio & Aransas Pass Railroad Company from abandoning such portion of its main line track. Second. Because the petition of the San Antonio & Aransas Pass Railway Company, together with all the facts and circumstances introduced in evidence, showed conclusively that such abandonment of that portion of its main line tracks as it sought permission to abandon, and a relocation of its lines, if same amounted to a relocation of its lines, which this plaintiff denies, did not in fact shorten its line, but, on the other hand, lengthened it by several miles, and did not in fact reduce its grades or any of them. This plaintiff says that said order of the Railroad Commission upon said petition is without authority of law, for the reasons stated hereinabove, and that this plaintiff is a party at interest for the reasons hereinabove stated."

The court sustained a general demurrer to appellant's petition, and judgment was entered against it in accordance therewith, from which it prosecutes this appeal.

### Opinion.

If the commission was authorized to make the order complained of, or if appellant had no such interest in the subject-matter in controversy as would authorize it in resisting the making thereof, then, in either event, the ruling is correct, and the case should be affirmed. But it is strenuously insisted on the part of appellant, first, that the appellee had no right to enter the order granting the railway company the right to remove its track and enter the city over the tracks of the other railways mentioned; and, second, that appellant had such an interest in the matter in controversy as would authorize it to resist the enforcement of such order. So that it becomes necessary for us to take up, discuss, and determine both contentions of appellant.

[1, 2] The rule seems to be well settled, not only in Texas, but elsewhere, that a railway company, after having once located, established, and operated its line of railway, has no right to abandon and change its location, unless specially authorized so to do by legislative enactment. See Sugarland Ry. Co. v. State, 163 S. W. 1047, and cases there cited. The appellee insists that it was specially authorized to pass the order complained of under article 6504, Vernon's Sayles' Revised Civil Statutes of Texas, which reads as follows:

"If any railroad corporation shall at any time be unable to agree with the owner for the purchase of any real estate, or the material thereon, required for the purposes of its incorporation or the transaction of its business for its depots, station buildings, machine and repair shops, for the construction of reservoirs for the water supply, or for the right of way, or for new right of way for change or relocation of roadbed to shorten the line, or any part thereof or to reduce its grades, or any of them, which is hereby authorized and permitted, or for any other lawful purpose connected with or necessary to the building, operating, or running its road, such corporation may acquire such property in the manner provided in this chapter; provided, that the limitation in width prescribed in article 6484, shall not apply to real estate, or any interest therein, required for the purposes herein mentioned, other than right of way, and that real estate, or any interest therein, to be acquired for such other purposes or any of them need not adjoin or abut on the right of way; provided, further that no change of the line through any city or town, or which will result in the abandonment of any station or depot, shall be made, except upon written order of the Railroad Commission of Texas, authorizing such change; and provided, further, that no railroad corporation shall have the right under this act to condemn any land for the purposes mentioned in this article situated more than two miles from the right of way of such railroad corporation."

Pretermitting a discussion of the contention urged by appellant to the effect that the amendments to this statute, which were originally passed in 1876, were unconstitutional, in that they did not comply with section 35, article 3, thereof, requiring that no bill shall contain more than one subject, which shall be expressed in its title, still we think that it was the intent of the Legislature, as clearly expressed in said act, to limit the railroads' right of relocation to the two purposes mentioned in the statute, to wit, to shorten the line, or to reduce the grades. It appears from the averments of the petition in this case that neither of such results would follow, but, on the contrary such change would lengthen its line and increase the grades; and these averments are to be taken as true in passing upon the demurrer.

The expression "or for any other lawful purpose" is not a part of any of the amendments to such statute, but was contained in the original act as passed in 1876 (see page 146, Session Acts of 1876; page 982, vol. 8, Gammel's Laws of Texas, § 21), which was a condemnation act limited to the purposes therein mentioned, and therefore could not be construed, as appellee contends, to grant such right of relocation, notwithstanding the fact that it might lengthen the line or increase the grades; such expression, therefore, must be limited to the purposes mentioned in the original act, and cannot be construed to extend to the purposes mentioned in the amendments, or to any other purpose. In addition, we also hold that this statute did not authorize the commission to make the order in question, because there was no change or relocation of the roadbed contemplated thereby nor granted therein, but only the right to enter the city of Houston over the tracks of other railways, for which no authority is contained in the statute. This being true, we think the right to

make the change is forbidden by article 6550, vol. 4, Vernon's Sayles' Civil Statutes, and that the case is ruled in this respect by the case of Sugarland Ry. Co. v. State, supra.

[3] We think the second question must also be resolved in favor of appellant. Article 6677f, vol. 4, Vernon's Sayles' Civil Statutes, referring to orders made by the Railroad Commission, reads:

"If any such person, association or corporation *or other party at interest* (italics ours) be dissatisfied with any decision, rate, charge, toll, rule, order, act or regulation adopted by the commission, such dissatisfied person, association, corporation, or party may file a petition setting forth the particular cause or causes of objection to such decision, rate, charge, toll, rule, order, act or regulation, or to either or all of them, in a court of competent jurisdiction in Travis county, Texas, against such commission as defendant," etc.

The petition in this case discloses that appellant was the owner of a lumber business that would be materially affected if the order of the commission should go into effect. He was therefore a party at interest, and it is made to appear from the averments of the petition that he was dissatisfied with the order made herein, which gave him, we think, the right to have the same reviewed, as he is here undertaking to do. While not questioning the rule announced in the case of M., K. & T. Ry. Co. v. Colburn, 90 Tex. 230, 38 S. W. 153, we think it is not applicable here, but that the plain terms of the statute justify the course pursued on the part of appellant.

Believing that the court erred in sustaining the demurrer, its judgment is reversed, and the cause remanded.

Reversed and remanded.

