BOWERS v. CITY OF TAYLOR et al. (Motion No. 8697; No. 1015—4724.)

Commission of Appeals of Texas, Section B. Feb. 19, 1930.

For former opinion, see 16 S.W.(2d) 520.

Critz & Lawhon, of Taylor, and W. C. Campbell, of Palestine, for plaintiff in error.

S. I. Reinhardt, of Taylor, and Taylor & Atkinson, of Waco, for defendants in error.

RYAN, J. ■ It is insisted that the city of Taylor had authority to permit closing and vest exclusive control of that portion of Doak street involved herein in the railroad company for 15 years by virtue of chapter 152, Acts 33d Leg., approved April 7, 1913 (carried into Rev. Stat. 1925 as articles 1018 to 1020), but this act is invalid in so far as it permits the surrender by a city, whether by contract or otherwise, of its legislative powers and duties, or which amount to an abdication of its governmental functions or of its police power, and because of the constitutional inhibition against irrevocable or uncontrollable grants of special privileges or immunities (Const. art. 1, § 17).

Control of streets is a legislative power; the effect of the contract in question surrendering exclusive control of a part of Doak street to the railroad company for 15 years, if otherwise valid, is a renunciation or deprivation of the city's control over such portion of the street for that fixed period of time, as held in our main opinion.

■ The city is a trustee for the public, and, regardless of in whom the fee to the roadway may be, the city must always remain in position to exercise its legislative power when required. Stone v. Mississippi, 101 U. S. 817, 25 L. Ed. 1079; State ex rel. Laclede Gaslight Co. v. Murphy, 130 Mo. 10, 31 S. W. 594, 31 L. R. A. 809; State ex rel. St. Louis Underground Service Co. v. Murphy, 134 Mo. 548, 31 S. W. 784, 34 S. W. 51, 35 S. W. 1132, 34 L. R. A. 377, 56 Am. St. Rep. 515.

■ Even though a street has never been improved, the city's right to improve it at any time for the use of the public as a street remains active and is not impaired by nonuser. City of Corsicana v. Zorn, 97 Tex. 323, 78 S. W. 924.

As said in Cooley's Constitutional Limitations (8th Ed.) p. 442, referring to a municipal resolution conferring exclusive privileges to a railway company over certain streets: "In its essential features it is a contract. Instead of regulating the use of the street, the use itself is granted. For what has been deemed an adequate consideration, the corporation has assumed to surrender a portion of their municipal authority and has in legal effect agreed with the defendants that, so far as they may have occasion to use the street for the purpose of constructing and operating their railroad, the right to regulate and control the use of that street shall not be exercised. *It cannot be that powers vested in the corporation as an important public trust can thus be frittered away, or parcelled out to individuals or joint stock associations and secured to them beyond control.*"

■■ The ordinance in question is void, because it undertakes to barter away the city's legislative powers, thus disabling the city from the performance of its public governmental functions, for a period of 15 years. The ordinance being void, no rights accrued to the railroad company thereunder, and its closing the street without lawful right renders it liable to whoever may sustain loss or damage.

■ The question on the motions for rehearing is whether the property owner is entitled to injunctive relief, or is he restricted to an action at law in damages.

In support of the latter contention the city and the railroad company cite us to McCammon & Lang Lbr. Co. v. T. & B. V. Ry. Co., 104 Tex. 8, 133 S. W. 247, 251, 36 L. R. A. (N. S.) 662, Ann. Cas. 1913E, 870; Rische v. Transportation Co., ·27 Tex. Civ. App. 33, 66 S. W. 325; Ry. Co. v. Eddins, 60 Tex. 656; D. M. Osborne & Co. v. M. P. Ry. Co., 147 U. S. 249, 13 S. Ct. 299, 37 L. Ed. 155. In all these cases there was a valid ordinance or permit, authorizing the laying of tracks on certain streets, unlike the present case.

In McCammon & Lang Lbr. Co. v. T. & B. V. Ry. Co., the opinion is based upon the railway company's right legally resulting from its charter, *and the assent thereto of the proper authorities of the city properly given.* The district court granted injunctive relief, and its action was affirmed by the Court of Civil Appeals. 131 S. W. 85. In reversing that judgment and remanding the cause for a new trial, the Supreme Court declined to discuss the question whether the exercise of the right of access and egress incident to ownership of abutting lots might be so completely prevented by uses made of streets as to constitute a "taking" of the property, and deemed it "unnecessary that we discuss the other question whether or not an action for an injunction would lie under proper circumstances to prevent the damaging of property."

In Rische v. Transportation Co., damages were prayed for and an injunction against the further operation of the road. Appellee there was operating under a valid charter under authority of the statute, and proper permission of the city of San Antonio, which being the case, it was held that the road was not a nuisance, and an injunction should not be granted, but it was remanded to the trial court for trial on the issue of damages sustained, if any. This case, in so far as it expressed the opinion that there is not a taking of private property by the construction and use of railroads in streets where the fee is privately owned, is questioned by Judge Williams in McCammon & Lang Lbr. Co. v. T. & B. V. Ry. Co.

Railway Co. v. Eddins, 60 Tex. 656, was an action for damages alone—no injunctive relief was sought. A recovery was allowed, Judge West stating that he did not regard as very material, where the fee in the street was vested, it being sufficient, be the fee where it may, that the street had been legally dedicated to the use of the public (as was Doak street in the present case), and that the owner of property purchased with reference to and abutting on said street has an easement and a substantial and valuable right in the street.

In D. M. Osborne & Co. v. M. P. Ry. Co., 147 U. S. 148, 13 S. Ct. 299, 37 L. Ed. 155, where the city had given proper permit by ordinance, the state court (Henry Gaus & Sons Mfg. Co. v. St. Louis, K. & N. W. Ry. Co., 113 Mo. 308, 20 S. W. 658, 659, 18 L. R. A. 339, 35 Am. St. Rep. 706), had decided that, under the Constitution of Missouri, "whatever the rule may be elsewhere, this court has been uniform in holding that such a use [operating a steam railroad along a street, under proper legislative authority] is not a perversion of the highway from its original purposes"; the federal trial court ([C. C.] 37 F. 830), after evidence adduced, had concluded that the use of the track had not seriously obstructed, and would not in future seriously obstruct, access to complainant's premises, and the lessening of the market or rental value was in any event small. Under those circumstances Chief Justice Fuller denied the prayer for an unconditional injunction.

G. C. & S. F. Ry. v. Fuller, 63 Tex. 467, was a suit for damages—not injunctive relief—and grew out of the building by the railway company of a track along St. Emanuel street in the city of Houston, under proper authority from the city. Several witnesses testified that the property as a result of the track, was worth less on the market by from 25 to 33⅓ per cent., and was less desirable and valuable for homestead purposes. Judge Stayton was of the opinion that the facts amounted to a taking of private property for a public use, and certainly, if not a taking, it was such a damaging as is compensable under the Constitution, and affirmed a recovery against the company. Right to injunctive relief was not an issue in that case.

On the other hand, as holding that injunctive relief, as prayed for herein, should be granted, we are referred to (among other cases) American Construction Co. v. Seelig, 104 Tex. 16, 133 S. W. 429, where it was held that such relief is properly given adjoining property owners, where obstructions are placed on a street and on an alley, under a void permit from city officers; to Kalteyer v. Sullivan, 18 Tex. Civ. App. 488, 46 S. W. 288, holding that a property owner on an alley, one end of which is closed under a void permission from the city council, so that he cannot have egress from his property to other streets in that direction, suffers an injury peculiar to himself—the obstruction resulting from such unlawful closing constitutes a nuisance, and is entitled to an injunction.

In S. W. Tel. Co. v. Smithdeal, 104 Tex. 258, 136 S. W. 1049, 1052, which was an action for the dual purpose of recovering damages by reason of the construction of telephone lines adjacent to Smithdeal's property and to secure a mandatory injunction requiring the removal of certain wires and ca-

bles, Judge Dibrell held that the equitable remedy of injunction can be invoked, even though the party whose property is threatened may have an adequate remedy at law, as that remedy is defined in cases denying an injunction under the rules of the common law. "The tendency of the holdings of the Supreme Court has been in recent years to so modify the common-law doctrine * * * as to hold that article 2989 [Now Art. 4642, Rev. Stat. 1925] gives the remedy by injunction not only 'in all other cases where the applicant * * * may show himself entitled thereto under the principles of equity,' but, in addition thereto, * * * 'where it shall appear that the party applying for such writ is entitled to the relief demanded, and such relief, or any part thereof, requires the restraint of some act prejudicial to the applicant.' Sumner v. Crawford, 91 Tex. 129, 41 S. W. 994."

In Ort v. Bowden (Tex. Civ. App.) 148 S. W. 1145, 1148, the trial court charged the jury that, although a special injury might be sustained because of a public nuisance, the remedy is by suit for damages, if it can be so compensated. The Galveston Court of Civil Appeals, on the authority of Kalteyer v. Sullivan, and S. W. Tel. & Tel. Co. v. Smithdeal, questioned this statement of the law and held that a citizen who suffers a special injury is not without remedy, in case the city fails to respond to its duty, nor is he remitted to an action for damages alone, although the injury suffered by him may be compensated in damages. The court further remarks: "Certainly the citizen so injured would not be required to wait for the city to act, when the city itself has consented to the doing of the very thing which has caused the damages and without which consent the very thing would not and could not have been done, and also when, in the very suit in which the citizen asks for the correction of the wrongs from which he suffers special injury, the city joins with the other alleged wrongdoers in asking that the correction be denied." To the same effect is Boone v. Clark (Tex. Civ. App.) 214 S. W. 607.

And in Quanah Acme & P. Ry. Co. v. Swearingen (Tex. Civ. App.) 4 S.W.(2d) 136, the doctrine is approved that the owner of land abutting upon a street or alley, one end of which is obstructed so that he cannot have egress from his property to other streets in that direction, suffers an injury peculiar to himself by reason of the public nuisance.

In Blair v. Astin (Tex. Civ. App.) 10 S. W.(2d) 1054, it was held that injunction will issue to prevent the closing of a street by a common source proprietor under a plat designating such street, even though the city

had by deed undertaken to relinquish its public easement for street purposes in such street.

The latter line of cases are controlling authority in this case, and we therefore recommend that the motions for rehearing herein filed be overruled.