**CITY OF FORT WORTH, Appellant,**

v.

**SOUTHWEST MAGAZINE, Appellee.**

No. 16328.

Court of Civil Appeals of Texas. Fort Worth.

May 18, 1962.

Rehearing Denied June 15, 1962.

S. G. Johndroe, Jr., City Atty., and Jerome H. Parker, Jr., Asst. City Atty., Fort Worth, for appellant.

Treadaway & Blumrosen, Lubbock, Mc-Gown, Godfrey, Logan & Decker and Winfred Hooper, Jr., Fort Worth, for appellee.

RENFRO, Justice.

The trial court entered a summary declaratory judgment in which it decreed that the plaintiff Southwest Magazine had such interest in a spur railway track owned by the Chicago, R. I. & Gulf Railway Co. in Seventh Street as to entitle plaintiff to damages against the City of Fort Worth for removal thereof.

By ordinance effective Feb. 8, 1907, the City provided: "Section 1. That the Chicago Rock Island & Gulf Railway Company is hereby authorized and empowered to construct, equip, operate and maintain a line of railway over, upon and across the following named streets in the city of Fort Worth, Tarrant County, Texas, to-wit: one track in the center of Seventh Street, from the east line of Pecan Street to the east line of Rusk Street, crossing all intervening streets by whatever name known. between said points, with the right and privilege of constructing, operating, equipping and maintaining a spur or switch tract on either side of said main tract, opposite each block of ground located between Pecan Street on the east and Rusk street on the west, so as to make each block of said ground what is known as 'Tract property.'" Section 2 provided in part: "It shall be the duty of The Chicago, Rock Island & Gulf

Railway Company to construct and maintain its said line on Seventh Street, between the points above named, and the spur tracts on either side to accommodate each block between Pecan and Rusk Street * * *."

A spur track serving Seventh Street between Grove and Jones Streets is the subject of this controversy.

The Chicago, Rock Island & Gulf Railway Company is not a party to the instant suit.

The City appealed from the judgment.

It contends: "Since appellee cannot, as a matter of law, have a vested right or irrevocable special privilege to have a railroad spur track permanently maintained in the street superior to the right of the public to use the street and superior to the right and duty of the city's legislative body to control the public streets, the court erred in rendering summary judgment against appellant."

Plaintiff defends the judgment on the contention that the spur track constituted an easement superimposed on the street easement of the City and that it had a vested right to such easement subject to protection under the State and Federal Constitutions, and was entitled to compensation for the easement and removal of the track.

Plaintiff has owned the lot at the corner of Seventh Street since 1923. It has been doing business at that location since 1922. The area was platted and subdivided into town lots in 1856, and the dedication reconfirmed in 1877. In 1907, or soon thereafter, the spur track in question was constructed and put into operation and has continuously served that particular block. The track is located entirely within the confines of Seventh Street.

The building on plaintiff's premises was erected in 1907 and was designed for the purpose of operating a printing plant; newsprint used in the printing operation is received in large, heavy cumbersome rolls, and delivered by the Railroad on the spur track. A heavy hardship will befall plaintiff if it cannot continue the use of the spur, both because of loss of customer purchases and cost of moving.

Although the ordinance heretofore mentioned did not fix a time limit for the franchise and "privilege of * * * operating * * * and maintaining a spur", the City's charter then in force and effect provided that no franchise for a longer period than twenty-five years should ever be granted or given by the City of Fort Worth. The franchise to the Railroad therefore expired in 1932. The record in the instant suit is silent as to any extension of the old or grant of a new franchise to the Railroad.

As a general rule the owner of a lot or a tract of land abutting upon a street acquires the fee to the center of the street subject only to the easement existing in favor of the public. Quanah Acme & P. Ry. Co. v. Swearingen, Tex.Civ.App., 4 S.W.2d 136; 39 Tex.Jur., p. 584, § 51. Under the police power, however, the use of property may be restricted to reasonable exercise when public safety or convenience so requires. City of Fort Worth v. Southwestern Bell Tel. Co., 5 Cir., 80 F.2d 972.

In J. M. Radford Grocery Co. v. City of Abilene, 34 S.W.2d 830, the Commission of Appeals held, in a case where the city had previously granted an abutting owner permission to build a platform in the street flush with the curb, that primarily the platform was erected and used by the company for private purposes and did not vest the company with a permanent property right. It was held the city was without power thus to surrender its authority over any portion of the street or to authorize the company permanently to appropriate to a private use the part of the street upon which the platform stood.

In case of conflict of interest between the public using the street and the railroad, the interest of the public is paramount, and the state may constitutionally insist that the streets be kept free of danger.

Erie R. R. Co. v. Board of Public Utility Commissioners, 254 U.S. 394, 41 S.Ct. 169, 65 L.Ed. 322.

It was held in City of San Antonio v. Pigeonhole Parking of Texas, 158 Tex. 318, 311 S.W.2d 218, 73 A.L.R.2d 640, that, while the right of access of an abutting owner cannot be taken or destroyed without adequate compensation, the rule does not apply when a municipality invokes its police power for the protection of the health, safety and general welfare of its citizens.

According to Black's Law Dictionary, Fourth Edition, "In real property law, the term 'access' denotes the right vested in the owner of land which adjoins a road or other highway to go and return from his own land to the highway without obstruction." In the instant case the City is not taking away plaintiff's "access" to its property, but is, by removing the spur tracks, taking from plaintiff the right to have boxcars moving and standing in a public street in front of plaintiff's building.

■ The City has a nondelegable and inescapable duty to maintain its streets in usable condition, and to abate any permanent obstruction or encroachment which would interfere with their present, or *might interfere* with their future, use by the public as the progress of the city may demand. Joseph v. City of Austin, Tex.Civ.App., 101 S.W.2d 381; City of San Antonio v. Ashton, Tex.Civ.App., 135 S.W. 757; Coombs v. City of Houston, Tex.Civ.App., 35 S.W. 2d 1066; City of Lockhart v. Commissioners' Court of Caldwell County, Tex. Civ.App., 278 S.W. 319. It is also held in Joseph v. City of Austin, supra, " * * * as against the public the city could not give the abutting property owners the right to construct permanent obstructions on any portion of a street dedicated to public use by map and plat of an addition."

As of present, the spur, with standing or moving railroad cars, is an obstruction in a public street, though not particularly hazardous. Seventh Street, however, is a main artery from the west into downtown Fort Worth. When the projected improvement is completed whereby Seventh Street will join with an existing freeway system, traffic to the east will increase enormously along Seventh Street where the spur is situated. The continued use of the spur track would constitute a serious menace to the traveling public.

It was held in Town of Ascarate v. Villalobos, 148 Tex. 254, 223 S.W.2d 945: "No one has the inherent right to carry on his private business upon the public streets of a town or city. In order to protect the public from dangerous hazards, it is the plain duty of a town or city to make and enforce regulations covering the use of its streets, as well as for the convenience and protection of the public." Any private use of a street which in any degree detracts from, hinders or prevents its free use as a public way to its full extent is an obstruction. Hover v. Oklahoma City, 133 Okl. 71, 271 P. 162.

■ The Supreme Court in Texas & N. O. R. Co. v. Schoenfeld, 136 Tex. 173, 146 S.W.2d 724, held: "The rule has long been established in this State that material in railroad tracks is regarded as being personal property, and in erecting spur tracks and other tracks on land not owned by it, upon discontinuance of the tracks the railroad company could remove the material of which they were made. It has also been held that material in a railroad track remains personal property, and does not become a part of the underlying real estate," and further that the plaintiff on whose land the railroad was situated could not claim tracks as permanent fixtures. It is to be remembered that the spur in the instant suit was not on plaintiff's land, nor will any of plaintiff's land be taken; the spur track did not belong to plaintiff and was not constructed by the plaintiff, but was constructed and owned by the Railroad. There was no pleading or proof that the Railroad had any contractual obligations with the plaintiff to continue to operate upon and serve plaintiff on the spur. It is generally held

that, apart from special contract, no right of action for damages against a railway company arises on the part of one who suffers damages by removal or abandonment of a spur track or station which serves his business, or which he has been accustomed to use, the reason generally given being that the railway company is under no implied obligation to continue the use of such track or station, or that the injury is not a special damage differing in kind from that sustained by the public generally, although it may be greater in degree, and that it is not, therefore, of a nature which may constitute the basis of a cause of action, but is damnum absque injuria. 23 A.L.R. 556; Helena & Livingston Smelting & Refining Co. v. Northern Pac. Ry. Co., 62 Mont. 205, 204 P. 370, 23 A.L.R. 546; Missouri, K. & T. Ry. Co. v. Colburn, 90 Tex. 230, 38 S.W. 153.

 It should follow that if plaintiff would have no action for damages against the Railroad if the Railroad should voluntarily abandon the spur, plaintiff could have no action for damages against the City of Fort Worth when in the proper exercise of its police power it removes the spur track in the interest of public safety and interest.

It has been held that an abutting owner is not entitled to damages for loss of an operation which could not be carried on without the use of city property, Hammer v. City of Dallas, Tex.Civ.App., 273 S.W.2d 646; that "No use of the street by any of the plaintiffs can ripen into a private right by lapse of time, or by reason of the fact that they contributed as they did to the making of improvements in the street," City of Fort Worth v. Gilliland, 140 Tex. 616, 169 S.W.2d 149; abutting property owner has no property interest in curb taken up by city even though he had paid for the curb, Gillespie v. Fuller Const. Co., Tex.Civ.App., 66 S.W.2d 798, writ ref. It will be recalled plaintiff in the instant case did not build or pay for the spur.

In Bowers v. City of Taylor, 24 S.W.2d 816, the Commission of Appeals held that a city is a trustee for the public and, regardless of in whom the fee to the roadway may be, the city must always remain in position to exercise its legislative power when required.

 In view of the authorities, we are convinced that plaintiff did not acquire such an easement or vested interest in the spur track in question that the removal of same would be a "taking" without compensation under the State and Federal Constitutions.

The judgment of the trial court is reversed and judgment rendered that plaintiff has no cause of action against the City of Fort Worth by reason of the removal of the spur track in question.