Frederick J. DEYESO, Appellant,

v.

CITY OF ALAMO HEIGHTS, Appellee.

No. 16300.

Court of Civil Appeals of Texas, San Antonio.

Dec. 12, 1979.

Rehearing Denied Jan. 16, 1980.

**124**

Frederick J. Deyeso, Jr., Miles H. Appleberry, Deyeso & Appleberry, San Antonio, for appellants.

Michael S. Brenan, Brenan & Phelps, San Antonio, for appellee.

## OPINION

MURRAY, Justice.

Frederick J. Deyeso appeals from a judgment granting a permanent injunction in favor of the City of Alamo Heights enjoining Deyeso and his wife from completing construction of a fence enclosing a portion of the right-of-way of Alamo Heights Boulevard. The judgment further ordered the Deyesos to remove the standing portion of the fence. The parties stipulated to the following facts: 1) that Alamo Heights Boulevard is a 110-foot-wide dedicated public street in the City of Alamo Heights, of which 50 feet is unpaved; 2) that the unpaved portion adjacent to appellant's property is 24.8 feet; 3) that the fence is within this unpaved portion of the street; 4) that the City of Alamo Heights does not maintain the unpaved portion of Alamo Heights Boulevard adjacent to appellant's property; 5) that the City had previously granted permission to a member of the City Council to construct a fence within a portion of a City right-of-way; 6) that three other fences along Alamo Heights Boulevard were constructed on the City right-of-way without the approval of the City Council; 7) that as of the date of trial there was no written ordinance or policy governing the construction of structures on public property within the city; 8) that applications for construction of structures on public property are considered on a case-by-case basis by the City Council; 9) that the City of Alamo Heights is a home rule city of the State of Texas.

In his only point of error, appellant complains that the trial court erred in granting a permanent injunction because the City of Alamo Heights violated his rights to equal protection and due process of law. Appellant admits the authority and duty of the City to prohibit and remove encroachments on dedicated rights-of-way. It is contended, however, that the City has lost its right to prohibit private permanent encroachments on public streets since it has allowed encroachments on public rights-of-way on four previous occasions.

■ By statute, the City of Alamo Heights, a home rule city, has the authority to control and remove any encroachments on its public streets. Tex.Rev.Civ.Stat.Ann. art. 1175, subd. 18 (Vernon 1963). Any attempt by a city to surrender this authority is void. *See Bowers v. City of Taylor*, 24 S.W.2d 816, 817 (Tex.Comm'n App.1930, holding approved) (on motion for rehearing) (city ordinance purported to vest control of portion of street in railroad company). Moreover, a city not only has the power, but an affirmative duty to abate any permanent obstruction or encroachment on its streets and rights-of-way. *See City of Fort Worth v. Southwest Magazine*, 358 S.W.2d 139, 142 (Tex.Civ.App.—Fort Worth 1962, writ ref'd n. r. e.), *cert. denied*, 372 U.S. 914, 83 S.Ct. 730, 9 L.Ed.2d 722 (1963); *Joseph v. City of Austin*, 101 S.W.2d 381, 385 (Tex. Civ.App.—Austin 1936, writ ref'd).

■ An unlawful encroachment on a public street is not justified simply because other obstructions exist on the same street. *Sitas v. City of San Angelo*, 177 S.W.2d 85, 90 (Tex.Civ.App.—Austin 1943), *aff'd*, 143 Tex. 154, 183 S.W.2d 417 (1944). When it undertook to abate appellant's encroach-

ment, the City of Alamo Heights was exercising its duty to protect public streets from private permanent obstructions. We reject the contention that appellant's constitutional rights were violated merely because the City had neglected this duty on four previous occasions.

The judgment of the trial court is affirmed.