### J. M. RADFORD GROCERY CO. v. CITY OF ABILENE et al.

### No. 1404—5591.

Commission of Appeals of Texas, Section A. Feb. 4, 1931.

W. E. Lessing, of Abilene, for plaintiff in error.

Henry L. DeBusk, of Abilene, for defendants in error.

HARVEY, P. J.

On October 28, 1928, the plaintiff in error, the Radford Grocery Company, brought this suit for permanent injunction against the city of Abilene, its mayor and board of commissioners, seeking to restrain them from removing from Oak street a certain platform maintained thereon by the grocery company. Temporary injunction, so restraining the defendants during the pendency of the suit, was sought by the grocery company in its petition. The application for temporary injunction was set down for hearing, and the defendants filed duly verified answer, traversing the allegations of the petition. The trial judge, upon hearing the evidence offered by the parties, entered an interlocutory order or judgment refusing the temporary injunction. From this interlocutory judgment, the grocery company appealed, and the Court of Civil Appeals affirmed said judgment. 20 S.W.(2d) 255. The grocery company sought and was granted the writ of error.

The material facts disclosed by the evidence are substantially as follows:

Oak street is a public street of the city of Abilene. It is paved from curb to curb. The grocery company is a corporation engaged in the wholesale grocery business in the city of Abilene. The building in which it conducts said business is situated on a lot belonging to the company. The west side of said building, which is 110 feet wide by 130 feet long, abuts on Oak street. Along the west side of the building, the grocery company maintains a platform which extends out from the side of the building into the street a distance of 12 feet to the curb. In other words, the platform covers all that portion of the street which lies between the curb and the building. The surface of the platform is approximately four feet above the ground. At the south end of the platform there is a flight of steps reaching from the ground to the top of the platform; and the same condition exists at the north end. This platform is continually used by the grocery company as a loading and unloading platform, in loading and unloading large quantities of merchandise in the conduct of the wholesale grocery business. The company's place of business is located in a section of the city occupied mostly, if not exclusively, by wholesale concerns and industrial establishments; and several of these maintain platforms similar to that maintained by the Radford Grocery Company. The city, however, has taken steps looking to the removal of all these platforms that are in Oak street. The grocery company is one of those who have been notified by the city to remove their platforms from the street. If the offending platforms are not removed by the respective owners, the city purposes to remove them. The platform in controversy here was erected by the grocery company in the year 1905. In that year the city was operating under the general law as a city of less than five thousand inhabitants; but later the city was duly granted a special charter by the Legislature, and is now operating thereunder. Meantime it has come to be a populous and flourishing city, with miles of paved street and improved sidewalks.

The president of the grocery company testified that in the year 1905, when the company erected its building and established its place of business, the city council granted permission to the company to erect this platform in the street, and to maintain it there; that the building was erected flush with the street line, in reliance on this permission to maintain the platform in the street; that the platform is a necessary adjunct to the building in the carrying on of the business of the company.

We do not think that a right in the company, to have the platform remain in the street, is shown by the evidence. The platform is a permanent structure and it occupies a portion of a public street that is designed for pedestrian travel. This appears without dispute; and the evidence leaves no room for a reasonable conclusion that the platform does not materially interfere with the use, by foot travelers, of that portion of the street covered by the platform. Primarily, the platform was erected and is being used by the company for private purposes. Granting that the city council, in 1905, did give the company permission to erect and maintain the platform in the street, as testified by the company's president, still such permission, even if given by formal action of the city council, did not invest the company with a permanent property right in the street. The city was without power thus to surrender its authority over any portion of the street or to authorize the company permanently to appropriate to a private use the part of the street upon which the plat-

form stands. San Antonio v. Rische (Tex. Civ. App.) 38 S. W. 388 (writ refused); Bowers v. City of Taylor (Tex. Com. App.) 24 S. W.(2d) 816; 2 Elliott Roads & Streets, §§ 828–840; 13 R. C. L. p. 169.

Under all the facts shown in evidence, we cannot say that the trial court improperly refused the temporary injunction sought by the plaintiff in error. We therefore recommend that the judgment of the trial court, and that of the Court of Civil Appeals affirming same, be affirmed.

CURETON, C. J.

The judgments of the district court and Court of Civil Appeals are both affirmed, as recommended by the Commission of Appeals.