Ed H. LYSAGHT, Appellant,

v.

CITY OF FORT WORTH, Appellee.

No. 16337.

Court of Civil Appeals of Texas.

Fort Worth.

June 8, 1962.

Rehearing Denied July 6, 1962.

Simon & Simon and Richard U. Simon, Fort Worth, for appellant.

S. G. Johndroe, Jr., City Atty., and Jerome H. Parker, Jr., Asst. City Atty., Fort Worth, for appellee.

RENFRO, Justice.

The plaintiff appealed from a summary judgment in favor of the City of Fort Worth.

In his petition plaintiff alleged he was the owner of a building located at 1717 Calhoun Street; prior to May, 1959, the building was served by a loading dock on the 17th Street side of the building; in May of 1959, the City constructed highway improvements adjacent to the south and west parts of his property, and thereafter refused to allow trucks to unload on 17th or Calhoun, thereby denying plaintiff access to his property; the loading dock was removed in August of 1959; plaintiff alleged the City did not have authority to remove

the dock and deny plaintiff access to the premises without compensating him therefor; that because of the removal of the loading dock on the south side of said premises, and because of the denial of access to said property by commercial vehicles, the fair market value of the property had been greatly diminished and depreciated.

Upon hearing the City's motion for summary judgment, the court found that the pleadings, motions, depositions and controverted affidavits on file conclusively established that there was no genuine issue as to any material fact and that the City was entitled to judgment as a matter of law.

The plaintiff contends the court erred because "A landowner, whose premises were used as a business where, for years, trucks had loaded and unloaded from adjacent streets to the building on the premises of owner, and where the City, by changing such abutting streets, has destroyed owner's right to serve his premises by truck, is entitled to damages for such taking, * * *."

Plaintiff's lot is 50 x 100 feet in size and is located at the northeast corner of the intersection of Calhoun and 17th Streets, fronting on Calhoun. The building is approximately 50 years old and has been owned by plaintiff since 1941.

Affidavits filed by the City show that the City, by ordinance in 1959, agreed with the State for the construction and maintenance of a controlled access freeway. Included as part of the access freeway was that portion of 17th along the south side of plaintiff's property.

Both Calhoun and 17th are public streets.

Plaintiff's building is flush with his property lines on both streets. The concrete dock was 12 feet long and 4 feet high. It was built entirely in 17th Street, extending from the property line 4.7 feet into said street. No part of the dock was located on plaintiff's property.

When the dock was removed, the City improved the alley in the rear of the building to provide access from 16th and 17th Streets to plaintiff's building. Plaintiff also has access from Calhoun Street where trucks and vehicles of reasonable size can be parked parallel to the curb in front of the entrance to the building. Prior to the removal of the dock on 17th Street, large trucks backed up to the dock and extended across the center of 17th Street. By count, 10,350 vehicles per day pass plaintiff's building on the 17th Street side. In view of the immense traffic load the "backing up" of large six-wheel trucks at plaintiff's building would be a substantial traffic hazard and would constitute a menace to the safety of the traveling public and the public in general.

No portion of plaintiff's land was taken or utilized in the street project.

According to plaintiff's affidavit he is now denied access to his building "for the purposes of loading and unloading the cargo customarily loaded and unloaded in the past."

By deposition he testified that normal trucks can use the alley entrance, but it is almost impossible to get a six-wheel truck in the alley. He was asked: " * * * So, when you have said that you are deprived of access to your building, am I correct in saying that you are deprived of the convenience of loading or unloading the 6-wheel trailer trucks at your building." He answered, "Yes, sir."

The fact that plaintiff had maintained the concrete dock in the City's street for many years did not give him a cause of action against the City for its removal.

In J. M. Radford Grocery Co. v. City of Abilene, Tex.Comm.App., 34 S.W.2d 830, the Commission of Appeals held, in a case where the city had previously granted an abutting owner permission to build a platform in the street flush with the curb, that primarily the platform was erected and used by the company for private purposes and

did not vest the company with a permanent property right. It was held the city was without power thus to surrender its authority over any portion of the street or to authorize the company permanently to appropriate to a private use the part of the street upon which the platform stood. See also Town of Ascarate v. Villalobos, 148 Tex. 254, 223 S.W.2d 945; Hammer v. City of Dallas, Tex.Civ.App., 273 S.W.2d 646; City of Fort Worth v. Gilliland, 140 Tex. 616, 169 S.W.2d 149; Ex parte Sterling, 122 Tex. 108, 53 S.W.2d 294.

The City has a nondelegable and inescapable duty to maintain its streets in usable condition, and to abate any permanent obstruction or encroachment which would interfere with their present, or might interfere with their future, use by the public as the progress of the City may demand. City of San Antonio v. Ashton, Tex.Civ. App., 135 S.W. 757; Coombs v. City of Houston, Tex.Civ.App., 35 S.W.2d 1066; City of Lockhart v. Commissioners' Court of Caldwell County, Tex.Civ.App., 278 S.W. 319. As against the public the city cannot give the abutting property owners the right to construct permanent obstructions on any portion of a street dedicated to public use. Joseph v. City of Austin, Tex.Civ.App., 101 S.W.2d 381. The City, a home rule city, had the right, under Art. 1175, § 18, Vernon's Civ.St.Ann., to control, regulate and remove all obstructions or other encumbrances on the street in question. City of Fort Worth v. Ryan Properties, Tex.Civ. App., 284 S.W.2d 211.

Plaintiff urges vigorously that the removal of the loading dock resulted in loss of access to his building and that he is entitled to compensation for such loss.

The Supreme Court in City of San Antonio v. Pigeonhole Parking of Texas, 158 Tex. 318, 311 S.W.2d 218, held: "Undoubtedly the general rule is that access to a public highway is an incident to ownership of land abutting thereon and the corollary follows that this right cannot be taken or destroyed for public purposes without adequate compensation being given therefor. Adams v. Grapotte, Tex.Civ.App., 69 S.W.2d 460; Powell v. Houston & T. C. R. Co., 104 Tex. 219, 135 S.W. 1153, 46 L.R.A., N.S., 1615. While this rule is universally followed where the power of eminent domain is exercised, it does not apply when a municipality invokes its police power for the protection of the health, safety and general welfare of its citizens. * * *"; and in Lombardo v. City of Dallas, 124 Tex. 1, 73 S.W.2d 475, the Supreme Court said: "All property is held subject to the valid exercise of the police power; nor are regulations unconstitutional merely because they operate as a restraint upon private rights of person or property or will result in loss to individuals. The infliction of such loss is not a deprivation of property without due process of law; the exertion of the police power upon subjects lying within its scope, in a proper and lawful manner, is due process of law. Moreover, police regulations do not constitute a taking of property under the right of eminent domain; and compensation is not required to be made for such loss as is occasioned by the proper exercise of the police power. * * *"

It was held in Pennysavers Oil Co. v. State, Tex.Civ.App., 334 S.W.2d 546, error refused: "The State has the right under the provisions of Art. 6674w, supra, and its police power, to provide for one-way traffic, no U turns, division barriers, no left or right turns, traffic lanes, speeding and parking regulations, circuitous routes; for the changing of highways generally, and is not responsible for loss of trade to abutting landowners as a result of the exercise of this police power, so long as it does not amount to a complete taking of the right of access. City of San Antonio v. Pigeonhole Parking of Texas, Inc., Tex., [158 Tex. 318,] 311 S.W.2d 218; Grapotte v. Adams, supra; State, By and Through State Highway Commission v. Burk (Oregon) supra [200 Or. 211, 265 P.2d 783]."

It is clear from the record that the removal of the concrete loading dock was a

valid exercise of the police power of the city. It was established by plaintiff's own evidence that the removal of the dock did not deprive him of the right of access to his property. It is true the removal of the dock, and the fact that 17th Street was a heavily traveled one-way street, prevented large six-wheel trucks from loading and unloading on the 17th Street side of the building, yet plaintiff by his own admission had access to his building by ordinary trucks.

Believing the trial court was correct in holding that no material fact issue was presented and that the City was entitled to judgment as a matter of law, we affirm the judgment.