**MOORLANE COMPANY et al.**

v.

**STATE of Texas et al.**

No. 7235.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 1, 1962.

Rehearing Denied Oct. 29, 1962.

Stone & Stone, Amarillo, for appellants.

Will Wilson, Atty. Gen., T. B. Wright, Asst. Atty. Gen., Austin, Monning & Monning, Amarillo, for appellees.

DENTON, Chief Justice.

Appellants Moorlane Company and Irvin L. Smith sought an injunction against appellees State of Texas, Texas Highway Department and the City of Amarillo, seeking to restrain the appellees from proceeding with the construction of an overpass and approach thereto as a part of a controlled access highway through the City of Amarillo. Appellants are the owners and the lessees of property abutting the proposed controlled highway. From an order denying a temporary injunction appellants bring this appeal.

Appellant Irvin L. Smith as lessee operates an industrial supply business in a one-story brick building which abuts the west line of Pierce Street. The Highway Department has designated and is in the process of constructing the controlled highway along Pierce Street which runs north and south through the City of Amarillo. As part of this highway, an overpass is to be constructed in the immediate vicinity of appellant's property. A retaining wall to support the overpass is to be located along the east line of Pierce Street directly across from appellant's property. The net effect of this construction will be that the paved portion of Pierce Street in the vicinity of appellant's property will be reduced from 49 feet to 26 feet, and plans call for it to be a one-way street for south bound traffic rather than a two-way street as it is presently designated. Appellant's building contains a truck bay or large opening which faces east on Pierce Street. This truck bay has been utilized by appellants for several years for the purpose of receiving and delivering merchandise and equipment by large trucks. It is appellants' contention that such use constituted ingress and egress to their property and that the narrowing of Pierce Street will prevent large trucks

from maneuvering and backing into the truck bay, thus denying them of their vested property right of access.

Appellants are seeking equitable relief under the terms of Article 6674w–1, Vernon's Ann.Tex.St. Under the terms of this statute an injunction may be granted to abutting property owners or lessees if there has been no release of their claim for damages or if no condemnation proceeding has been commenced, and if previously existing access to the property will be denied. It is undisputed that there has been no release of appellants' claim for damages nor has a condemnation proceeding been commenced. It must therefore be determined whether or not the proposed controlled highway will deny or take away appellants' access to their abutting property.

 The rule is well settled that access to a public highway is an incident to ownership of land abutting thereon and this property right cannot be taken away or destroyed by public services without adequate compensation given therefor. City of San Antonio v. Pigeonhole Parking of Texas, 158 Tex. 318, 311 S.W.2d 218, 73 A.L.R.2d 640; Powell v. Houston & T. C. R. Co., 104 Tex. 219, 135 S.W. 1153, 46 L.R.A.,N.S., 1615. However, the Supreme Court in the Pigeonhole Parking case, supra, held this rule does not apply when a governmental authority invokes its police power for the protection of the health, safety and general welfare of its citizens. Article 6674w et seq., V.A.T.S., gives the Highway Commission broad powers in designating and constructing controlled access highways, including authority to control and restrict points of access. Although this broad power does exist, the exercise of such power does not alter the existing rights of persons to compensation for damages suffered as the result of the exercise of such powers. However, it is to be noted we are not required to decide here whether or not appellants are entitled to damages to their access rights.

We think the clear legislative intent in enacting Art. 6674w is that an injunction is available to an owner or lessee of land physically abutting a proposed highway in order to protect their existing access to such highway. However, in order for such relief to be granted the three prerequisites mentioned above must be met. The primary question to be determined is whether or not appellants' access or right of ingress and egress will be denied as a result of the Highway Commission order to construct the proposed highway.

As we understand it, appellants' basic contention is that although a total denial of access to their property is not threatened, their previously existing access will be materially impaired or interfered with due to the inability of large trucks to use the truck bay, and this amounts to such a denial of their rights of access to require the issuance of an injunction. According to Black's Law Dictionary, Fourth Edition, "In real property law 'access' denotes the right vested in the owner of land which adjoins a road or other highway to go and return from his own land to the highway without obstruction."

 In our opinion the proposed freeway will not deny appellants access to their property. No case has been cited, and we have found none, which holds that the inability of certain types or sizes of vehicles to go and return from the abutting property constitutes a denial of access. Access as used here is not a matter of degree in the sense it may be available to some types of vehicles and not available to others. It was established by appellants' own testimony that some trucks will be able to utilize the truck bay after the construction has been completed. On direct examination appellant Smith testified as follows:

"Q Mr. Smith, when this retaining wall is built, what will have to be done down there to that property if you are going to keep on using it?

"A Well, in my opinion and the opinion of the property owners, that door will have to be closed—the door

won't have to be closed off; we will just have to discontinue using the door and start to using the, what we will call the parking area, all on the west side of the building. A door will have to be put in the building. We will have to bring trucks in off of Second Street and use the west side of the building for all of our retail business."

Under this record we are of the opinion, and so hold, the proposed construction of the proposed highway and overpass is not such a denial of appellants' right of ingress and egress to justify the issuance of a writ of injunction. The order issued by the Highway Commission is an exercise of its police powers and the carrying out of such order will not amount to a complete taking of the right of access. Pennysavers Oil Co. v. State (Tex.Civ.App.) 334 S.W.2d 546 (error refused); City of San Antonio v. Pigeonhole Parking of Texas, supra.

The judgment of the trial court refusing the temporary writ of injunction is affirmed, but without prejudice to a subsequent suit for damages.