**MOORLANE COMPANY and Irvin L. Smith, Appellants,**

v.

**HIGHWAY DEPARTMENT of the State of Texas and City of Amarillo, Texas, Appellees.**

No. 7408.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 26, 1964.

Rehearing Denied Nov. 30, 1964.

Stone & Stone, Amarillo, for appellants.

Waggoner Carr, Atty. Gen., T. B. Wright and Robert C. Patterson, Asst. Attys. Gen., Austin, Monning & Monning, Amarillo, for appellees.

NORTHCUTT, Justice.

This is a suit for damages in the nature of inverse condemnation. Appellants, plaintiffs below, brought this action against the State of Texas, the Highway Department of the State of Texas, and the City of Amarillo seeking to recover compensation for an alleged partial taking of the property rights of access.

Appellants are the owner and lessee of Lots 3, 4, and 5, Block No. 3 of the Glidden and Sanborn addition to the City of Amarillo. This property abuts upon the west side of Pierce Street and the north side of South Second Street in the City of Amarillo. Located on or very near the appellants' property line, where the same abuts upon Pierce Street, is a brick building. In the east wall of appellants' building is a truck bay which is used to load and unload trucks serving appellants' business. Appellees pursuant to a minute order of the State Highway Commission of Texas and an ordinance of the City Council of the City of Amarillo have constructed a controlled access highway through the City of Amarillo. In the construction of this highway Pierce

Street, in front of appellants' property, has been altered or changed from its previous condition. Prior to the highway construction Pierce Street consisted of a right-of-way 80 feet wide and a pavement 49 feet wide for traffic traveling north and south. The right-of-way of Pierce Street was widened from 80 feet to 112 feet. None of appellants' land was taken or utilized in the project. The center 54 feet of Pierce Street now consists of an overpass over the Burlington Railroad Station which carries three lanes of traffic on 40 feet of roadway. On each side of the overpass there is a one-way service road 26 feet wide and a sidewalk 3 feet wide.

This is the second appeal of this case by appellants. The first appeal was from the judgment of the trial court denying a temporary writ of injunction wherein the appellants had sought to restrain the appellees from constructing the Pierce Street overpass. The court affirmed the judgment of the trial court and application for writ of error was refused. Moorlane Company v. State, Tex.Civ.App., 360 S.W.2d 918 (error refused). This prior appeal arising out of a suit in equity did not involve the legal remedy of appellants to maintain a suit for damages. Therefore, the appellants brought the present suit seeking damage to their property. Both the appellants and appellees filed a motion for summary judgment in the trial court seeking judgment on the issue of liability vel non of the appellees. Appellants in their motion for summary judgment sought an interlocutory summary judgment establishing that the appellees were liable for damages to the appellants and to set the issue of damages for trial by a jury and that the court issue its writ of inquisition therefor. By such actions the opposing parties agree that the controlling question here involved is one of law and not of fact. The trial court determined that the pleadings, motions, and related papers and exhibits on file in this cause conclusively establish that there was n> genuine issue as to any material fact herein and that the appellees were entitled

to judgment as a matter of law and thereafter entered a judgment for the appellees. It is from that judgment that the appellants perfected this appeal.

Appellants present this appeal upon two points of error and present the points under five propositions as follows:

## APPELLANTS' POINTS OF ERROR

"1. The Trial Court erred in granting Summary Judgment to Appellees.

"2. The Trial Court erred in refusing to grant partial Summary Judgment to Appellants.

## "PROPOSITIONS UNDER APPELLANTS' POINTS OF ERROR

### "PROPOSITION NO. I

"Appellants own as an appurtenance to their property which actually physically abuts upon Pierce Street the private right to use the full width of Pierce Street to back trucks into the truck bay in their building.

### "PROPOSITION NO. II

"The construction of the approaches to the overpass in front of Appellants' property has materially interfered with and diminished their private right to use the full width of Pierce Street as a means of access to their actually physically abutting property.

### "PROPOSITION NO. III

"The diminution of the width of Pierce Street available to Appellants in connection with the use of their property and the construction of the overpass constitutes a damage to Appellants' property.

### "PROPOSITION NO. IV

"The Appellees may not under the guise of the exercise of police power deny the Appellants their previously existing access to Pierce Street from their actually physically abutting property without responding to Appellants for damages resulting therefrom.

### "PROPOSITION NO. V

"The Appellees may not under the guise of the exercise of police power materially impair or diminish the Appellants' rights of previously existing access to Pierce Street from their actually physically abutting property without responding to Appellants for damages resulting therefrom."

Prior to the time the City built the overpass the appellants had been using practically all of Pierce Street in backing large trucks up to a truck bay which was used to load and unload trucks serving appellants' business. On each side of the overpass there is a one-way service road or street 26 feet wide and a sidewalk 3 feet wide. The sole question here seems to be whether the court erred in holding as a matter of law the appellants were not entitled to recover any damages.

It is stated in the case of Pennysavers Oil Company v. State, Tex.Civ.App., 334 S.W.2d 546 (writ refused) as follows:

"The State has the right under the provisions of Art. 6674w, supra, and its police power to provide for one-way traffic, no U turns, division barriers, no left or right turns, *traffic lanes*, speeding and parking regulations, circuitous routes; for the changing of highways generally, and is not responsible for loss of trade to abutting landowners as a result of the exercise of this police power, *so long as it does not amount to a complete taking of the right of access.* City of San Antonio v. Pigeonhole Parking of Texas, Inc., [158 Tex. 318] 311 S.W.2d 218 [73 A. L.R.2d 640]; Grapotte v. Adams, supra; State, By and Through State Highway Commission v. Burk (Oregon) supra." (Emphases ours.)

After building the overpass which extended down Pierce Street past the appel-

lants' property, it left a one-way street in front of appellants' property 26 feet wide and did not amount to a complete taking of the right of access. See also Lysaght v. City of Fort Worth, Tex.Civ.App., 359 S.W.2d 128 (writ refused).

It is stated in Hammer v. City of Dallas, Tex.Civ.App., 273 S.W.2d 646 (N.R.E.) as follows:

"The question seems to be whether the landowner is entitled to damages for the loss of an operation which is in violation of an ordinance, or which could not be carried on without the use of city property. We think there must be a negative answer to that question. City of Sweetwater v. McEntyre, Tex. Civ.App., 232 S.W.2d 434; J. M. Radford Grocery Co. v. City of Abilene, Tex.Com.App., 34 S.W.2d 830; Harper v. City of Wichita Falls, Tex.Civ.App., 105 S.W.2d 743, writ refused; City of San Antonio v. Fetzer, Tex.Civ.App., 241 S.W. 1034, writ refused. Appellant's right to have parallel parking in front of his store will not be affected by the street improvement."

Under this record it is the contention of appellants they were damaged because of the building of the overpass prevented them in using most all of Pierce Street in backing up to the truck bay. The appellees herein acted under their police power in constructing the overpass here involved. The appellants still had access to their property and trucks could load and unload at the truck bay of appellants, although the large trucks could not use this street in its entirety as had been used before the overpass was built and were not entitled to recover damages from appellees because they could not use all or a greater portion of the street in backing the large trucks across the street.

It is stated in the case of Lombardo v. City of Dallas, 124 Tex. 1, 73 S.W.2d 475, as follows:

"The insistence that the right of property or the unrestricted use of property is not subject to the police power has long since been determined adversely to that contention.

"Texas Jurisprudence states the general rule as applied in this state as follows:

" 'Generally speaking, municipal corporations have the right, under the police power, to safeguard the health, comfort, and general welfare of their citizens by such reasonable regulations as are necessary for that purpose.

" 'The police power is not an arbitrary one: it has its limitations. Thus it is subject to the limitations imposed by the Constitution upon every power of government, and will not be permitted to invade or impair the fundamental liberties of the citizen. Also it is founded in public necessity and only public necessity can justify its exercise. It is commensurate with, but does not exceed, the duty to provide for the real needs of the people in their health, safety, comfort and convenience as consistently as may be with private property rights. The interests of the public generally, as distinguished from those of a particular class, must require the interference.

" 'All property is held subject to the valid exercise of the police power; nor are regulations unconstitutional merely because they operate as a restraint upon private rights of person or property or will result in loss to individuals. The infliction of such loss is not a deprivation of property without due process of law; the exertion of the police power upon subjects lying within its scope, in a proper and lawful manner, is due process of law. Moreover, police regulations do not constitute a taking of property under the right of eminent domain; and compensation is not required to be made for such loss as is occasioned by the proper exercise of the police power.' "

We are of the opinion, and so hold, the appellees were acting under their police powers and that such actions as taken did not amount to a taking of the right of access to appellants' property and thereby were not liable for any damages as sought by appellants. We have carefully considered all of appellants' assignments of error and overrule all of them.

Judgment of the trial court is affirmed.