**CITY OF WACO, Appellant,**

v.

**Leslie C. DuPUY, Jr., Appellee.**

No. 4242.

Court of Civil Appeals of Texas.

Waco.

Dec. 31, 1964.

Rehearing Denied Jan. 21, 1965.

Thomas R. Hunter, City Atty., Earl Bracken, Asst. City Atty., Jones, Boyd, Westbrook & Lovelace, Waco, for appellant.

Naman, Howell, Smith & Chase, Waco, for appellee.

McDONALD, Chief Justice.

Plaintiff DuPuy filed this suit against the City of Waco to recover damages to his property, caused by the construction by the City of a viaduct on 17th Street, on which fronted plaintiff's property. None of plaintiff's property was taken by the City in the construction; but the construction of the viaduct cut plaintiff's property completely off from 17th Street, and rendered it accessible only by an alley, and by a way un-

der the viaduct which connects with Mary Street to the South, and upon which is located railroad tracks. Plaintiff instituted suit under Article 1, Section 17 of the Constitution of Texas, Vernon's Ann. St., which provides:

"No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, * * *."

The City constructed the viaduct to eliminate two hazardous railroad grade crossings; made 17th Street a one-way street as a part of a newly established crosstown thoroughfare; and asserted that it acted under Article 1175, Vernon's Ann. Civ.Tex.St. (which gives cities exclusive control over their streets, and the power to pave, raise, grade, and fill same); as well as under the city's police power for the health, safety and welfare of the public.

Trial was to a jury which found that the value of plaintiff's property was $15,500 immediately before the construction of the viaduct; and that the value of such property was $7000 immediately after such construction.

The Trial Court entered judgment on the verdict for plaintiff for $8,500.

Defendant City appeals, contending that the Trial Court erred in holding the City liable to plaintiff for damages due to the limitation of access caused by the construction of a viaduct, under the police power, when the plaintiff retained reasonable access to the street system of the City of Waco.

### SCHEMATIC DIAGRAM

(17th Street overpasses Mary and comes into Franklin Ave. Plaintiff's access is limited to the shaded areas, viz. the alley to Franklin Ave., and under the viaduct to Mary Street)

---

Plaintiff contends that the fundamental question for determination is whether the City is liable to him under Article 1, Section 17, of the Constitution of Texas for taking, damaging, or destroying his property.

There can be no question (and the jury so found), that plaintiff's property has diminished in value; and that plaintiff has lost all access to 17th Street as a result of the construction of the viaduct.

It is clear from the record that the construction of the viaduct was a valid exercise of the police power by the City. It is further established by the evidence that the construction of the viaduct has not denied plaintiff and the public, access to plaintiff's property by automobiles and ordinary trucks, albeit that such access is circuitous and inconvenient.

The Supreme Court in City of San Antonio v. Pigeonhole Parking, 158 Tex. 318, 311 S.W.2d 218, 73 A.L.R.2d 640 held: "Undoubtedly the general rule is that access to a public highway is an incident to ownership of land abutting thereon and the corollary follows that this right cannot be taken or destroyed for public purposes without adequate compensation * * *. While this rule is universally followed where the power of eminent domain is exercised, it does not apply when a municipality invokes its police power for the protection of the health, safety and general welfare of its citizens"; and in Lombardo v. City of Dallas, 124 Tex. 1, 73 S.W.2d 475, the Supreme Court said: "All property is held subject to the valid exercise of the police power; * * *. The infliction of such loss is not a deprivation of property without due process of law; the exertion of the police power upon subjects lying within its scope, in a proper and lawful manner, is due process of law. Moreover, police regulations do not constitute a taking of property under the right of eminent domain; and compensation is not required to be made for such loss as is occasioned by the proper exercise of the police power. * * *"

 Since the City of Waco had the right under Article 1175, V.A.T.S., and its police power, to construct the viaduct, no cause of action accrues against it for diminution in value of plaintiff's property, absent a taking of some of plaintiff's property in eminent domain, or absent a complete denial of all reasonable access to plaintiff's property. Lysaght v. City of Ft. Worth, CCA, Er.Ref., 359 S.W.2d 128; Penny-savers Oil Co. v. State of Tex., CCA, Er. Ref., 334 S.W.2d 546; Holbrook v. State of Texas, CCA (n. r. e.), 355 S.W.2d 235; Moorlane v. Highway Dept. and City of Amarillo, Tex.Civ.App., 384 S.W.2d 415; City of Waco v. Archenhold, Tex.Civ.App., 386 S.W.2d 174.

Appellant City's contention is sustained, and the judgment of the Trial Court is reversed and rendered.

Reversed and rendered.