The CITY OF DALLAS, a Municipal Corporation, Appellant,

v.

DALLAS IRS CO., a Partnership, Appellee.

No. 5163.

Court of Civil Appeals of Texas, Eastland.

Oct. 12, 1978.

Rehearing Denied Nov. 2, 1978.

**580**

Carroll R. Graham, Asst. City Atty., Dallas, for appellant.

Tom J. Stollenwerck, Moore, Peterson, Bauer, Williams & Stollenwerck, Dallas, for appellee.

McCLOUD, Chief Justice.

In this impairment of access case, the plaintiff, Dallas IRS Co., recovered $40,864 which the jury found was the reduced market value of plaintiff's leasehold estate resulting from the closing of an abutting street by defendant, the City of Dallas. Both plaintiff and defendant attack the judgment. The City contends the court erred in overruling its motion for judgment non obstante veredicto because there is no evidence showing a substantial and material impairment of access to plaintiff's premises; the evidence establishes as a matter of law there was no material and substantial impairment of access; there is no evidence of a reduction in the market value of plaintiff's property resulting from the deprivation of any legal right caused by the closing of the street; and there is no evidence plaintiff sustained any legally compensable damages. Plaintiff by counterpoint contends the court did not err in overruling the City's motion for judgment non obstante veredicto, and by cross-points asserts the court erred in overruling its motion for instructed verdict because as a matter of law there was a "taking" of plaintiff's property; a tendered special issue inquiring as to the value of plaintiff's property on the date of the taking was not submitted by the court; and the damages awarded by the jury were inadequate. We affirm.

Plaintiff, the owner of a fifty year "air space rights" lease, constructed a four floor office building above a seven level parking garage located at "1600 Patterson Street" in the City of Dallas. The lease provided for access to the building from street level. The building is bounded on the west by Bullington Street, on the north by Patterson Street, and on the east by Ervay Street. The principal pedestrian entrance is on Patterson Street. During the construction of the building, a receiving room, recessed loading dock, ramp, and canopy cover were built adjacent to Bullington Street. A freight elevator was installed near the dock. In 1971, plaintiff entered into a lease with the General Services Administration of the Federal Government, leasing a portion of the building to be used by the Environmental Protection Agency. During the term of the lease, the City of Dallas closed Bullington Street where it abutted the loading dock, lowered the grade, and converted it into an entrance ramp to an underground

truck terminal. Following the closing of Bullington Street, while the lease was still in effect, the EPA vacated the building. The witness, Jones, Director of Space Management Division of the General Services Administration, testified that EPA vacated the leased premises after Bullington Street was closed because there was not adequate or suitable freight elevator service. He stated it would not be suitable freight elevator service for vehicles to stop on Patterson Street and "dolly" or cart goods down to the freight elevator.

The court in *City of Waco v. Texland Corporation*, 446 S.W.2d 1 (Tex.1969), while considering Section 17 of Article 1 of the Texas Constitution which provides that, "No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made . . .", held that property has been "damaged" for a public use when access is materially and substantially impaired even though there has not been a deprivation of all reasonable access. Also, the court reannounced its prior holdings that whether access has been materially and substantially impaired is a question of law. See also *City of San Antonio v. Olivares*, 505 S.W.2d 526 (Tex.1974). In *Texland*, the abutting street was not closed but large piers supporting a viaduct were constructed in the street in such a manner that they substantially interfered with vehicles attempting to reach the landowner's loading dock. In a concurring opinion, Justice McGee stated:

> ". . . Obviously, under the rule announced by the Court today, a whole street cannot be closed by the construction of a public improvement without compensation being paid to abutting landowners as was done in *Archenhold Automobile Supply Co. v. City of Waco*, 396 S.W.2d 111 (Tex.1965). . . ."

■ In the instant case, the converted ramp leading to the underground terminal is now approximately eight feet below street level at the point where plaintiff's receiving room and freight elevator are located. The witness, Jones, testified that the GSA would not consider leasing the building in the future because the closing of Bullington Street resulted in unsuitable freight elevator service in the building. We hold that plaintiff has established as a matter of law substantial and material impairment of access and that there has been a damaging of the property for a public use.

The City argues there has been no material and substantial impairment of access because plaintiff's only asserted damage is the inability to park parallel on Bullington Street for the purpose of loading and unloading at its dock, and plaintiff had no right to use the street in such manner for its private use. The cases cited by the City are distinguishable. This is not a case where the property owner seeks compensation for removal of facilities located in a city street. *Lysaght v. City of Fort Worth*, 359 S.W.2d 128 (Tex.Civ.App.—Fort Worth 1962, writ ref'd) and *City of Fort Worth v. Southwest Magazine*, 358 S.W.2d 139 (Tex. Civ.App.—Fort Worth 1962, writ ref'd n. r. e.), nor is this a case involving a noncompensable exercise of police power by the City. See *DuPuy v. City of Waco*, 396 S.W.2d 103 (Tex.1965). Our Supreme Court, in attempting to define the line between police power and eminent domain, has refused to "compartmentalize" what is manifestly illusory. *City of Austin v. Teague*, 570 S.W.2d 389 (Tex.1978). Here, an abutting street, previously used by vehicles loading and unloading, has been closed as a thoroughfare. Plaintiff's access rights have been materially and substantially impaired. The damages sustained by plaintiff were not common to the general public and we hold plaintiff should be compensated.

■ Both plaintiff and the City complain of the amount of damages awarded by the jury. The City says there is no evidence to support the award and plaintiff by cross-point argues the award is inadequate. There was much testimony concerning the effect of closing the street. The City attempted to show that after the closing of Bullington Street vehicles could park on Patterson Street and "dolly" freight approximately 100 feet down the sidewalk to

the existing freight elevator. The City's expert witness stated no damages resulted from the closing. Plaintiff's expert witness testified to damages of $2,900,000. There is some evidence to support the jury's award. After considering the entire record, we hold the award is not inadequate.

By cross-point, plaintiff argues the City "abandoned" its rights in and to Bullington Street when it converted the dedicated street to an entrance to a "private" underground terminal. Plaintiff contends the abandoned street reverted to abutting landowners and the City actually took or physically appropriated the property when it converted the previous thoroughfare into an entrance to the terminal. We disagree. First, we hold the evidence conclusively establishes that the street was converted for a public use. The terminal was constructed by the City to eliminate "across the curb traffic" and clear up congestion. Plaintiff requested no issue on abandonment and the evidence does not conclusively establish abandonment by the City. Rule 279, T.R. C.P.; *Dallas County v. Miller*, 140 Tex. 242,

166 S.W.2d 922 (Tex.Comm.App.1942); *Hicks v. City of Houston*, 524 S.W.2d 539 (Tex.Civ.App.—Houston (1st Dist.) 1975, writ ref'd n. r. e.). We overrule plaintiff's remaining cross-points urging there was an actual "taking" of the property and, therefore, the court erred in not submitting plaintiff's tendered issue inquiring as to the value of plaintiff's property on the "date of taking". This is not a "taking" of property case. This is a "damaging" of property case. *DuPuy v. City of Waco*, 396 S.W.2d 103 (Tex.1965).

We have considered and overrule all points of error and all cross-points. The judgment of the trial court is affirmed.

DICKENSON, J., not participating.